Case 1:25-mj-00251-GMH    Document 1-

Case: 1:25-mj-00251
Assigned To: Judge Harvey, G. Michael
Assign. Date: 10/20/2025
Description: COMPLAINT W/ARREST WARRANT

## **STATEMENT OF FACTS**

1.      On October 18, 2025, at approximately 23:49 hours, members of the Metropolitan Police Department's (MPD) Sixth District Crime Suppression Team (6D-CST) were in the area of the 100 block of 35th Street Northeast, Washington, D.C. MPD Officers Keith Cyphers and Lamond Sparrow were in full police uniform, operating in a marked MPD vehicle, and equipped with body worn cameras. MPD Officers Cyphers and Sparrow were in the area because they had received a dispatch call that a black male, wearing a black jacket and blue jeans, with long dreads and a skully had a gun on his hip. The dispatcher also stated that the suspect was in front of and in the alley behind 101 35 St NE.

2.      MPD Officers Cyphers and Sparrow drove approximately two blocks to the location. During an initial canvass, the MPD officers did not locate anyone that matched the lookout and there appeared to be nobody in the area. MPD Officers Cyphers and Sparrow canvased the immediate area in their patrol car and eventually returned to the block of 101 35 St NE. When officers were traveling southbound in the 100 block of 35th Street, NE, they observed a black male, later identified as Raymont Dickey (Defendant Dickey), that matched the description from the caller provided by the dispatcher (other than he had black jeans on and no skully). Defendant Dickey was the only individual in the immediate area. MPD Officers Cyphers and Sparrow also observed an object protruding or bulging from Defendant Dickey's waistband line, left of center, as Defendant Dickey was walking in a northbound direction towards the MPD officers. Although Defendant Dickey had a black partially zippered sweatshirt on, it was hiked up enough where officers could see the bulge of the gun in Defendant Dickey's waistband and the bulge in his pants.

3.        MPD Officers Cyphers and Sparrow went to the end of the block and made a U-turn at the intersection of Ames and 35th Street, NE, to make contact with Defendant Dickey. When MPD officers were parallel with Defendant Dickey on the street, as he was on the sidewalk, they observed him immediately picking up his pace from a walk to a jog. As Defendant Dickey did this, he grabbed his waistband and ran inside the apartment building located at 105 35th Street, NE. When Defendant Dickey entered the apartment building, he ran up the set of stairs and stopped at the top landing. At this point, MPD Officer Cyphers had exited his police vehicle and began running to the front door of 105 35th Street, NE. MPD Officer Cyphers was able to observe Defendant Dickey banging on an apartment door trying to gain entry. MPD Officer Cyphers also observed Defendant Dickey open a common area closet between the two upstairs apartment doors and begin trying to remove an object from his front waistband area. At this point, MPD Officer Cyphers was up the stairs and had made contact with Defendant Dickey, ordering him to get on the ground. Defendant Dickey was bleeding from the mouth and appeared to be in distress. MPD Officer Sparrow was able to conduct a pat down of Defendant Dickey's person at this point and when feeling the waistband area, where Defendant Dickey was observed grabbing the bulge, MPD Officer Sparrow immediately recognized the presence of a firearm (*see* Exhibit 1 below, a photograph of the firearm in Defendant Dickey's waistband from MPD Officer Sparrow's BWC).



4.      Defendant Dickey was placed into handcuffs at this point. The firearm recovered was as follows:

    Smith & Wesson M&P
    Serial #MPS5140
    .45 Cal
    1 round in the chamber
    No magazine in the firearm.

5.      MPD officers asked Defendant Dickey multiple times how he was injured, Defendant Dickey was nonresponsive but at one point mumbled his chin was broken. MPD Officer Cyphers is familiar with Defendant Dickey and had knowledge through his previous encounters that Defendant Dickey had prior criminal convictions. MPD officers queried Defendant Dickey in MPD data base for any concealed carry licenses and registered firearms. In both queries, the

results were negative for Defendant Dickey to possess a conceal carry license or any registered firearms in the District of Columbia. A further query of Defendant Dickey's record showed that he has also been convicted of multiple felony offenses in the District of Columbia.

6. Defendant Dickey has prior felony convictions to include in 2013-CF2-020062 Attempt to Commit Robbery and sentenced to 14 months imprisonment; 2015-CF2-013087 Unlawful Possession of a Firearm (Prior Conviction), and was sentenced to 24 months imprisonment; 2018-CF2-012976 Unlawful Possession of a Firearm (Prior Conviction greater than one year), and was sentenced to 20 months imprisonment, execution of sentence suspended all but 14 months;

7. When querying Defendant Dickey's record, it revealed a protective order that is valid until December 27, 2025. As a part of the conditions of the protective order, Defendant Dickey must relinquish all firearms and ammunition, and prohibited from control, purchase, or receipt of any firearms or ammo while the order is in effect. The court order took effect on December 28, 2023, and is valid until December 27, 2025. Given this information, MPD Officer Cyphers knows that Defendant Dickey cannot possess a firearm anywhere in the United States as these charges make him a convicted felon.

8. Defendant Dickey was placed under arrest for Felon in Possession (FIP), Carrying a Pistol Without a License (CPWL), Unregistered Firearm (UF), Unregistered Ammunition (UA). Defendant Dickey was transported to the Howard University Hospital, and his arrest was processed at the Sixth District station. Defendant Dickey was identified by a D.C. Jail wrist band found in his pants pocket and MPD Officer Cyphers prior knowledge of the Defendant.

9.      Additionally, law enforcement attempted to interview Defendant Dickey at Howard University Hospital.  Although he refused to make a formal statement he told law enforcement that the injury occurred before his arrest and was not the result of law enforcement.

10.     Your affiant knows that there are no firearms or ammunition manufacturers in the District of Columbia.  Although the firearm appears to be a semiautomatic Smith & Wesson M&P, Serial #MPS5140, .45 caliber firearm, you affiant knows that the firearm and ammunition in this case had to travel in interstate or foreign commerce to arrive in Washington D.C.

11.     Based on the foregoing, I submit that there is probable cause to believe that Defendant Dickey violated 18 U.S.C. § 922(g)(1), which makes it a crime for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition that has been shipped or transported in interstate or foreign commerce.



Metropolitan Police Department
Police Officer Keith Cyphers

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone,* on this 20th day of October, 2025

HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE